UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY ROYAL,
    Plaintiff,

vs.

CASE NO.:
DIVISION:

PORTFOLIO RECOVERY ASSOCIATES, LLC,
    Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff(s), MARY ROYAL ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant(s), PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"), and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), and states as follows:

### INTRODUCTION

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors. Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted "robocalls." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

4. Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014. *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d) and pursuant to 28 U.S.C. §1367 for pendent state law claims.

7. The alleged violations described herein occurred in Tampa, Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## THE PARTIES

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

9. Defendant is a Delaware corporation registered to and doing business in the State of Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Between the dates of approximately December 1, 2015 and November 4, 2016 (the "Relevant Time Period"), Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA and the FCCPA (the "Debt Collection Activity").

11. The Debt Collection Activity included making approximately 288-384 telephone collections calls to Plaintiff's home and personal cell phones mostly during traditional work hours. On many occasions, Defendant would also leave voice messages for Plaintiff about the substance of the call. Approximately 144-192 of said calls were to Plaintiff's home phone, which equates to about 3-4 per day over the Relevant Time Period. Approximately 144-192 of said calls were to Plaintiff's personal cell phone, which equates to about 3-4 per day over the Relevant Time Period (the "Debt Collection Conduct"). Plaintiff knowingly and intentionally harassed and abused Plaintiff by making so many collections on so many occasions with such frequency as can reasonably be expected to harass.

## COUNT I- VIOLATIONS OF THE FDCPA

12. Plaintiff realleges paragraph numbers 1 through 11.

13. This is an action against Defendant for violations of FDCPA for damages, interest, court costs and attorneys fees.

14. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

L17-1085

15. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

**§1692(c)**
> *(a)COMMUNICATION WITH THE CONSUMER GENERALLY Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*
>> *(1)at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;*

**§1692(d)** *A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.*

**§1692(e)** *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

**§1692(f)** *A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.*

16. As a result of the Debt Collection Conduct described in paragraph eleven (11) herein, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, and trespass upon Plaintiff's chattels. It also caused a waste of Plaintiff's time, causing the risk of personal injury due to distraction. All of the above mentioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of

automated/predictive dialing technology.

17. As a result of the Debt Collection Conduct described in paragraph eleven (11) herein, Plaintiff has been injured.

18. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT III- VIOLATIONS OF THE FCCPA

19. Plaintiff realleges paragraph numbers 1 through 11 herein.

20. This is an action against Defendant for violations of the FCCPA for damages, exclusive of interest, court costs and attorneys fees.

21. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

22. As a result of the Debt Collection Conduct described in paragraph eleven (11) herein is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

L17-1085

23. As a result of the Debt Collection Conduct described in paragraph eleven (11) herein, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, and trespass upon Plaintiff's chattels. It also caused a waste of Plaintiff's time, causing the risk of personal injury due to distraction. All of the above mentioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology

24. As a result of the Debt Collection Conduct described in paragraph eleven (11) herein, Plaintiff has been injured.

25. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT III- VIOLATIONS OF THE TCPA

26. Plaintiff realleges paragraph numbers 1 through 11.

27. This is an action against Defendant for violations of the TCPA for damages, exclusive of interest, court costs and attorneys fees.

28. Plaintiff is the "called party" within the meaning of the TCPA. *See* <u>Breslow v. Wells Fargo Bank, N.A.</u>, 755 F. 3d 1265 (11th Cir. 2014) and <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014).

29. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

30. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number that Defendant repeatedly called and was the called party and recipient of Defendant's calls.

31. Plaintiff revoked consent for Defendant to call him on his cellular telephone several times throughout the Relevant Time Period by telling the person that came on the to stop calling her cell phone and home phone.

32. Despite Plaintiff's revocation of consent, Defendant's autodialer calls continued throughout the Relevant Time Period.

33. Upon information and belief, Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

34. Upon information and belief, Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they wish for the calls to stop.

L17-1085

35. Upon information and belief, Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

36. Upon information and belief, Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

37. Upon information and belief, Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38. In fact, the TCPA was enacted to curb this exact type of Defendant's abusive business operations in collecting consumer debts.

39. Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

41. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

42. As a result of the Debt Collection Conduct described in paragraph eleven (11) herein, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, and trespass upon Plaintiff's chattels. It also caused a waste of Plaintiff's time, causing the risk of personal injury due to distraction. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

43. As a result of the Debt Collection Conduct described in paragraph eleven (11)

herein, Plaintiff has been injured.

WHEREFORE, Plaintiff respectfully demands (i) actual damages, statutory damages, treble damages, court costs and attorney's fees; (ii) enjoinder from further violations of these parts; (iii) a trial by jury on all issues so triable; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

Respectfully Submitted on this _____ day of _____, 2017.

s/ Scott Stamatakis
Scott Stamatakis
Florida Bar No.: 178454
Trial Attorney for Plaintiff
STAMATAKIS + THALJI + BONANNO
PO Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Email: Service@MyInjury.com